UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JOSE CRUZ GALVAN-PALOMINO,** § | | |
| Reg. No. 82790-080, § | | |
| § | **CIVIL ACTION NO.** | |
| Movant, § | **SA-05-CA-1047 FB (NN)** | |
| v. § | | |
| § | **CRIMINAL ACTION NO.** | |
| **UNITED STATES of AMERICA,** § | **SA-04-CR-554 FB** | |
| § | | |
| Respondent. § | | |

**U.S. MAGISTRATE JUDGE'S**
<u>**REPORT AND RECOMMENDATION**</u>

**To:  The Honorable Fred Biery**
    **U.S. District Judge**

Before the Court is Movant Jose Cruz Galvan-Palomino's 28 U.S.C. § 2255 Motion to Vacate Federal Sentence. This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1).

**I. Procedural History**

In 2005, Movant Galvan-Palomino pleaded guilty to illegal reentry of a deported alien in violation of 8 U.S.C. § 1326(f) and was sentenced to fifty-seven months. Galvan-Palomino's sentence was enhanced due to a prior conviction for an aggravated felony, to-wit a 1993 conviction for sexual assault of a child. Galvan-Palomino did not directly appeal or file a previous 28 U.S.C. § 2255 motion. Galvan-Palomino's § 2255 Motion contends: the court had no authority to sentence him to a sentence exceeding the statutory maximum; and his counsel was ineffective for failing to file timely objections to the enhancement of his sentence and for failing to appeal as defense-counsel told him they would.

The District Court denied Movant's claims except for Galvan-Palomino's claim his counsel was ineffective for failing to appeal as defense-counsel assured Movant they would. This issue was referred to me for an evidentiary hearing.

On January 30, 2007, I conducted an evidentiary hearing in this case and heard the testimony of Movant Galvan-Palomino and assistant federal public defender and Movant's former defense-counsel, Alfredo Villarreal. Movant Galvan-Palomino testified that following sentencing his counsel told him "[w]e will appeal" the sentence and Galvan-Palomino assumed an appeal was proceeding. Former-defense counsel Villarreal testified he had no independent recollection of his discussions with Galvan-Palomino concerning appeal. He further testified that the fact that a notice of appeal was not filed suggested Galvan-Palomino did not specifically communicate a desire to appeal. There was no dispositive documentary evidence presented at the evidentiary hearing and both witnesses presented plausible accounts. Thus resolution of the issue before the Court turns on the credibility of the witnesses.

## II. Applicable Law

In a § 2255 proceeding, the burden of proof is on the movant by a preponderance of the evidence. *Johnson v. Zerbst*, 304 U.S. 458, 468, 58 S. Ct. 1019, 82 L. Ed. 2d 1461 (1938). To establish ineffective assistance of counsel, a petitioner must show counsel's performance was deficient, i.e. counsel's performance was not professionally reasonable, and counsel's deficient performance prejudiced the petitioner, i.e. "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-94, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The failure to file a requested notice of appeal is ineffective assistance of counsel even

without a showing that the appeal would have merit. *Roe v. Flores-Ortega*, 528 U.S. 470, 477, 483, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000). If a movant demonstrates counsel was ineffective for failing to appeal, the movant is entitled to an out-of-time appeal which requires that the district court dismiss the § 2255 motion without prejudice and reinstate the judgment of conviction so that the time for appeal runs anew. *See U.S. v. West*, 240 F. 3d 456, 459 (5th Cir. 2001).

### III. Recommended Findings

After hearing the evidence presented on January 30, 2007, I conclude and accordingly recommend the Court find that Galvan-Palomino's testimony – that his former-counsel told him they would proceed with an appeal – is credible based on the following factual findings:

    1. Galvan-Palomino pleaded guilty to the indictment without a plea agreement. Villarreal testified defendants plead to the indictment to preserve their right to appeal. (Evid. Hr'g tr. at 19.)

    2. Prior to sentencing, Villarreal moved that the penalty enhancement based on the prior aggravated felony be dismissed because the aggravated felony was not alleged in the indictment. (Docket Entry # 19.) Galvan-Palomino understood from his discussions with Villarreal that if the penalty enhancement was dismissed, his maximum sentence would be two years. (Evid. Hr'g tr. at 31.) Villarreal also told Galvan-Palomino that if the penalty enhancement was not dismissed, this issue was preserved for appeal and counsel would appeal. (*Id.* at 30-31.)

    3. At sentencing on February 25, 2005, the District Court denied the motion to dismiss penalty enhancement and sentenced Galvan-Palomino to fifty-seven months. (Sent. Hr'g tr. at 16-17.) Villarreal told Galvan-Palomino "[w]e will appeal." (Evid. Hr'g tr. at 32, 33.) Villarreal's time records show he spent four-tenths of an hour discussing an appeal with Galvan-Palomino. (Evid. Hr'g tr. at 8.)

    4. Following sentencing Galvan-Palomino did not hear from defense counsel. (*Id.* at 43.) Galvan-Palomino wrote Villarreal at least two letters, dated May 15, 2005 and June 10, 2005, inquiring about the status of his appeal. (*Id.* at 21.) Galvan-Palomino received no reply. Galvan-Palomino learned no appeal was filed after contacting the clerk of this court. (*Id.* at 41.)

    5. At the evidentiary hearing Galvan-Palomino did not specifically state he asked counsel to appeal, however it was Galvan-Palomino's testimony Villarreal told him "[w]e will appeal" and Galvan-Palomino assumed such an appeal was proceeding, making a specific request superfluous.

### IV. Recommended Legal Conclusions

Defense counsel's statement and assurance to Galvan-Palomino "[w]e will appeal" and his failure to do so, constitutes ineffective assistance of counsel. *See Roe v. Flores-Ortega*, 528 U.S. at 477. Consequently, Galvan-Palomino is entitled to an out-of-time appeal requiring this Court to reinstate the judgment of conviction starting the appeal time to run anew. *See U.S. v. West*, 240 F. 3d at 459.

### V. RECOMMENDATION:

Movant Galvan-Palomino's § 2255 Motion should be **DISMISSED WITHOUT PREJUDICE and the Judgment of Conviction in this case should be reinstated affording Galvan-Palomino an out-of-time appeal**. *See id.*

### Instructions for Service and Objections:

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties who have entered an appearance, by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.

Pursuant to 28 U.S.C. § 636(b)(1) any party who desires to object to this Report and Recommendation must file with the Clerk of this Court and serve the Magistrate Judge and all parties with written objections to the findings and recommendation included above within ten (10) days after being served with a copy of this Report and Recommendation. *See U.S. v. Wilson*, 864 F. 2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989). A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the District Court need not consider frivolous, conclusive

or general objections.  *Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within ten (10) days after being served with a copy, shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Judge, except for plain error.  See Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED on February 20, 2007.**


_____
**NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE**